*Decision will be entered for the respondent.*

GEORGE M. COX, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101847. Promulgated August 12, 1941.

*H. A. Mihills, C. P. A.,* for the petitioner.
*Stanley B. Anderson, Esq.,* for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $18,303.88 in income tax and a deficiency of $52,942.99 in personal holding company surtax for the fiscal year ended September 30, 1938. Two issues are raised by the pleadings: First, whether the Commissioner erred in disallowing $7,000 of the $10,000 deduction taken for salary paid to George M. Cox as president, and, second, whether the petitioner is entitled to a dividends paid credit of $95,700. The Board adopts as its findings of fact the stipulation of the parties.

The record does not disclose facts which would justify any change in the Commissioner's disallowance of the salary item.

The outstanding shares of the petitioner were held as follows in 1929:

| | |
|---|---|
| George M. Cox | 316 |
| Corporations owned by George M. Cox | 181 |
| Thelma Agnes Goertz | 1 |
| Two directors | 2 |
| Total | 500 |

Cassie J. Cox secured a divorce from George in February 1930, and 158 shares were transferred to her in March 1930 as her share of their community property in Louisiana. George married Thelma Agnes Goertz in that same month. He purchased the 158 shares from Cassie in January 1932, and placed them in his own name. The petitioner acquired 181 shares by merger with the former owners in 1932, and thereafter those shares were no longer outstanding. Thelma sued George for divorce in October 1933, and the decree of divorce was finally sustained in February 1935. Litigation relating to their finances continued until a final settlement at the close of 1939.

Thelma seized and sold 12 shares standing in the name of George to satisfy her judgment for delinquent alimony. She then bought those shares at the sale. She alleged in the litigation that George had given her 156 of the shares purchased from Cassie and, in the alternative, that she was the owner in community with George of the 158 shares purchased from Cassie. The court finally decided in May 1939 that no gift had been made, but the 158 shares belonged to the community.

The petitioner declared a dividend of $300 per share on July 29, 1938, and the president was authorized to pay it forthwith. The petitioner was using an accrual method of accounting. The dividend was paid immediately on the two shares held by the two directors. The $3,900 dividend on the 13 undisputed shares held by Thelma was ordered held to apply on her indebtedness to the petitioner in a larger amount. She had taken securities of the petitioner in August 1933, and the amount of her indebtedness to the corporation was not known on July 29, 1938. Later, her indebtedness on that date was disclosed as $27,182.37. George owed the petitioner $80,181.46 on July 29, 1938. The dividend on the 146 undisputed shares held by him amounted to $43,800. The situation as it finally developed was as follows on July 29, 1938:

| Shareholder | Shares owned | Dividend | Indebtedness |
|---|---|---|---|
| George M. Cox | 225 | $67,500 | $80,181.46 |
| Thelma Agnes Goertz Cox | 92 | 27,600 | 27,182.37 |
| Two directors | 2 | 600 | |
| | 319 | $95,700 | |

Entries were made on the books of the petitioner, after the decree in May 1939, crediting dividends of $67,500 to the account of George and dividends of $27,600 to the account of Thelma. These dividends had not been previously paid or credited.

George reported $91,200 of the dividend on his own return for 1938, filed June 15, 1939.

The respondent now concedes that the petitioner is entitled to a dividends paid credit of $600 for the dividend paid to the two directors. Section 27 (a) of the Revenue Act of 1936 provides that "the dividends paid credit shall be the amount of dividends paid during the taxable year." The remaining amount of the $95,700 was not paid by the petitioner during the taxable year. It was not even credited to the account of any stockholder during the taxable year. The corporation deliberately refrained from paying or crediting this amount because of the litigation and until that litigation was terminated and ownership of the shares established. The mere declaration of a dividend is not enough, *Cox Motor Sales Co.*, 42 B. T. A. 192, even though it is to be paid "forthwith." Obviously, the petitioner did not intend to pay this one forthwith to the two Coxes. It did not even pay or credit the dividend on the undisputed shares during the taxable year. That was done for a purpose, to avoid further litigation. Congress intended the credit only where there was actual payment or the equivalent thereof. *Concord Silversmiths Corporation*, 32 Fed. Supp. 128; *Sanford Corporation*, 38 B. T. A. 139; affd., 106 Fed. (2d) 882. There was here no constructive receipt by the shareholders during the taxable year of any part of the $95,100, not even the part applicable to the undisputed shares, since the corporation was deliberately refraining from crediting any part of it until ownership of all shares was finally determined. We hold, upon authority of the cases above cited, that the petitioner is not entitled to credit in excess of $600.

*Decision will be entered under Rule 50.*